954 F.2d 724
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
PENNYRILE RURAL ELECTRIC COOPERATIVE CORPORATION, Plaintiff-Appellant,
v.
LAPP INSULATOR COMPANY, Defendant-Appellee.
 No. 91-5428.
 United States Court of Appeals, Sixth Circuit.
 Feb. 12, 1992.
 
 Before DAVID A. NELSON and BOGGS, Circuit Judges, and KRUPANSKY, Senior Circuit Judge.
 
 ORDER
 
 1
 Pennyrile Rural Electric Cooperative Corporation, a member owned rural electric cooperative, appeals from the district court's entry of summary judgment in favor of defendant, Lapp Insulator Company, dismissing its complaint with prejudice. The parties have waived oral argument. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Pennyrile brought suit against Lapp for defective porcelain, aluminum base, utility-pole insulators purchased from Lapp over a three year period. Pennyrile argued that various statements in Lapp's catalogs of merchandise amounted to warranties, and the cooperative asserted theories of recovery under express warranty, implied warranty and strict liability in tort. On April 16, 1990, the district court entered a partial summary judgment in favor of defendant on the express warranty claim. Reliance is an element of an express warranty claim under applicable state law, and the court concluded that plaintiff could not produce evidence that it, or one of its agents, relied on the catalog descriptions of the merchandise. In other words, plaintiff could not show that the catalog descriptions of the insulators were in any way "part of the basis for the bargain." Overstreet v. Norden Laboratories, Inc., 669 F.2d 1286, 1291 (6th Cir.1982). The court also held that the implied warranty claim was barred by the applicable statutes of limitations. After supplemental briefing on the issue of when the cause of action accrued under the strict liability theory of recovery, the court concluded that this claim was time-barred too. Final judgment in favor of defendant on plaintiff's strict liability claims was entered on March 8, 1991.
 
 
 3
 On appeal, Pennyrile contends that the district court erred by requiring strict proof of "reliance" on the catalog's descriptions to sustain a claim for breach of express warranty; that the issue of "reliance" was an issue of fact for the jury and not one of law for the court; and, that the district court erred when it found there was insufficient evidence in the record to support a jury verdict that the catalog's descriptions of the insulators were a part of the basis of the bargain. Pennyrile's remaining theories of recovery are not raised on appeal and are therefore abandoned and are not reviewable. See McMurphy v. City of Flushing, 802 F.2d 191, 198-99 (6th Cir.1986).
 
 
 4
 Upon de novo review, we find no error. See EEOC v. University of Detroit, 904 F.2d 331, 334 (6th Cir.1990). Summary judgment is appropriate under Fed.R.Civ.P. 56(c) "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter law." Canderm Pharmacal, Ltd. v. Elder Pharmaceuticals, Inc., 862 F.2d 597, 601 (6th Cir.1988). A fact is material when it is capable of affecting the outcome of the suit under governing law; a dispute about a material fact is genuine if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). The district court did not err in its determination that Pennyrile could not make a prima facie showing that the catalog descriptions were in any way "part of the basis for the bargain." See Overstreet v. Norden Laboratories, Inc., 669 F.2d at 1291.
 
 
 5
 Accordingly, the judgment of the district court is hereby affirmed for the reasons set forth in the court's memorandum opinion and order dated April 10, 1990. Rule 9(b)(3), Rules of the Sixth Circuit.